IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LYTRONE DAVIS                                                                PETITIONER
ADC #127492

V.                                NO. 5:05CV00152 SWW/JWC

LARRY NORRIS, Director,                                                    RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of
> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

On May 19, 2005, Petitioner, a state prisoner proceeding pro se, brought this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2). He also filed a separate application to proceed in forma pauperis (docket entry #1). Petitioner's application clearly demonstrated that he had a current inmate trust account balance of $39.94, his average monthly balance for the previous six-month period was $36.01, and his average monthly deposit for the same six-month period was $145.17, each amount far in excess of the $5.00 statutory filing fee required to pursue his habeas claim. From this information, the Court concluded that Petitioner had sufficient funds to pay the $5.00 filing fee; therefore, in forma pauperis status was denied.

By order entered May 25, 2005 (docket entry #3), Petitioner was directed to submit the $5.00 filing fee in full on or before June 24, 2005, if he wished to pursue his claim. Petitioner was advised that his failure to timely comply with the Court's order would result in the recommended dismissal of his action without prejudice for failure to prosecute the action diligently and failure to comply with the Court's order. The order has not been

returned, and no responsive filing has been received from Petitioner, despite the Clerk's certification that a copy of the order was mailed to him personally the same day as entered at his last given address at the Jefferson County Jail Facility. The Clerk's office has confirmed that no filing fee has been received.

Under the rules governing state habeas cases, a habeas petition "must be accompanied" by a filing fee unless the petitioner has been given permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Rule 3(a), Rules Governing § 2254 Cases in United States District Courts. Because "the opportunity to proceed in forma pauperis is a privilege, not a right," the Court has discretion to grant or deny in forma pauperis status in federal habeas actions. Weaver v. Pung, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991). Here, Petitioner was denied permission to proceed in forma pauperis, and he has failed to submit the required filing fee as ordered. This case should therefore be dismissed without prejudice due to Petitioner's failure to prosecute the action diligently and his failure to respond to the Court's order. Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); § 2254 Rule 11 (applicability of Federal Rules of Civil Procedure in habeas proceedings); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); Garrison v. Int'l Paper Co., 714 F.2d 489, 491 (8th Cir. 1985).

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Petitioner's case should be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

2. Any PENDING MOTIONS should be DENIED AS MOOT.

DATED this 15th day of July, 2005.

/s/ [signature]
UNITED STATES MAGISTRATE JUDGE