IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LYTRONE DAVIS                                                    PETITIONER

vs.                    Civil Case No. 5:05CV00152 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

>    1.  Why the record made before the Magistrate Judge is inadequate.
>
>    2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
>    3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

### **DISPOSITION**

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by Lytrone Davis, an inmate of the Arkansas Department of Correction. Petitioner was convicted in a court trial on December 17, 2002, of aggravated robbery, first degree battery and misdemeanor theft of property, and he received an aggregate sentence of twelve years imprisonment. He appealed on

the sole ground that the evidence of the aggravated robbery was insufficient to convict him beyond a reasonable doubt (Respondent's Exhibit B). The Arkansas Court of Appeals affirmed this conviction on February 25, 2004 (Respondent's Exhibit A). Petitioner filed a motion for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure on March 15, 2004 (Respondent's Exhibit C, p. 13-26), but the trial court denied the motion on April 2, 2004, on the ground that it was not properly signed or verified (Respondent's Exhibit C, p. 27). Both parties state Petitioner appealed to the Arkansas Supreme Court, but the record does not contain any part of that proceeding. Respondent states the court granted the State's motion to dismiss on September 9, 2004, because Petitioner did not pursue the appeal.

Petitioner's sole ground for relief in this proceeding is his claim that the evidence used to convict him in state court was insufficient to prove each and every element of the crime of aggravated robbery beyond a reasonable doubt. It appears his argument is that he was never charged as an accomplice and there was never any evidence presented that showed he personally robbed the victim. Respondent contends the petition should be dismissed because the claim is procedurally defaulted and Petitioner cannot establish sufficient cause for the default or resulting prejudice from the violation he asserts. He also contends Petitioner failed

3

to present the constitutional aspect of his claim on direct appeal, because he merely sought relief under state law.

The Arkansas Court of Appeals stated in its opinion and Petitioner states in his petition here that, at the close of the evidence, defense counsel moved for dismissal on the ground that the victim did not "specifically say that Mr. Davis specifically took anything from him" (DE #2, p. 17). On direct appeal to the Court of Appeals, Petitioner's argument was that this motion to dismiss should have been granted because the prosecution failed to prove Petitioner and his accomplices exercised physical force against the victim for the purpose of committing a theft (Respondent's Exhibit B, p. 1). Specifically, Petitioner contended he and his accomplices "exercised physical force against [the victim] solely for the purpose of beating him, not for the purpose of taking some of his personal property from him." Id. The Court of Appeals found this argument differed from the argument Petitioner raised at trial and refused to consider it because it had not been preserved for review. Id. at p.2.

In the present petition, Petitioner argues he was not charged as an accomplice and therefore he was convicted on a charge not made, and the evidence of the only acts he committed was not sufficient to support the verdicts against him. As the state court recognized, this argument, which is similar to the argument raised at trial, has a different basis than the sufficiency of the

4

evidence argument Petitioner raised on direct appeal.  Ordinarily, a federal habeas court may consider only those claims that were "fairly presented" in state court.  <u>Abdullah v. Groose</u>, 75 F.3d 408, 411 (8th Cir.), <u>cert</u>. <u>denied</u>, 517 U.S. 1215 (1996).  The fair presentation of a claim consists of raising in state court the same significant facts and legal theories advanced in support of the habeas petition in federal court, <u>Gilmore v. Armontrout</u>, 861 F.2d 1061, 1065 n.8 (8th Cir. 1988), <u>cert</u>. <u>denied</u>, 490 U.S. 1114 (1989), and presenting them in a procedurally correct manner.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999).

Petitioner contends there can be no procedural bar because the Arkansas Court of Appeals disregarded the default and addressed the merits of the claim.  After explaining Petitioner's procedural default, the state court made the following statement: "Nevertheless, if we were to reach the merits of appellant's argument, we would affirm his conviction for aggravated robbery" (Respondent's Exhibit A, p.2).  The court then discussed the merits of Petitioner's argument.  However, it was not the argument, supported with the same facts and legal theories, as the argument Petitioner's raises here, and therefore Petitioner's contention has no merit.

Even if the arguments were the same, Petitioner would still be in default.  I find the state court's discussion of the merits of the sufficiency of the evidence argument Petitioner raised in his

5

direct appeal brief was merely an alternative ruling, because the court's opinion also contains a "'plain statement' that [its] decision rests upon adequate and independent state grounds." Harris v. Reed, 489 U.S. 255, 261 (1989), quoting Michigan v. Long, 463 U.S. 1032 (1983). In this case, the "adequate and independent state ground" was the state rule that a "party cannot change the grounds for an objection or motion on appeal, but is bound by the scope and nature of the arguments made at trial." Respondent's Exhibit 1, p. 2, citing Pyle v. State, 340 Ark. 53 (2000). As the Harris court recognized,

> a state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. See Fox Film Corp. v. Muller, 296 U.S. 207, 210, 56 S.Ct. 183, 184, 80 L.Ed. 158 (1935). Thus, by applying this doctrine to habeas cases, Sykes curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

Harris v. Reed, 489 U.S. at 264 n10.

Where a state court's decision not to review a question of federal law rests on an independent and adequate state procedural ground, federal habeas review is barred unless the petitioner establishes cause for the default and resulting prejudice, or that the failure to address the claim will result in a fundamental

6

miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 729-31, 749-50 (1991). Petitioner contends his default should be excused because the Arkansas Court of Appeals found it would have denied Petitioner's appeal on the merits, and raising the issue would have been futile. As indicated above, the state court was not referring to the issue raised here because it is not the same issue as the one Petitioner raised on direct appeal. Even if it were, Petitioner's argument has no merit.

Here, I find the state court's dismissal was based on an adequate and independent state procedural ground. Because Petitioner has not established sufficient cause for his default, and because he has not presented new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), which shows a "constitutional violation has probably resulted in the conviction of one who is actually innocent," id. at 327, the court may not consider his claim.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 26th day of April, 2007.

*Henry L. Jones, Jr.*
United States Magistrate Judge